UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| RONALD THOMAS WOOTEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:22-CV-52-REW |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL MEDICAL CENTER | ) | MEMORANDUM OPINION |
| LEXINGTON, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On March 24, 2022, the Court granted Plaintiff Ronald Wooten *pauper* status. *See* DE 7. It also ordered him to re-file his Complaint on an EDKY Form 520 (the form approved for use by this Court) and directed him to name a viable defendant. *Id*. at 1–2. The Court sent Wooten the required form and clearly stated that "Wooten must complete the *provided* complaint form and file it with the Court. The Court will dismiss this case for failure to prosecute if he does not timely do so." *Id*. at 2 (emphasis added).

Wooten did file a new complaint. *See* DE 9. But he did not complete the complaint form that he was sent (the EDKY Form 520) as he was expressly directed to do. That refusal alone could warrant a without-prejudice dismissal for failure to comply with a Court Order. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court.").

Notwithstanding Wooten's failure to comply, the Court **DISMISSES** the Complaint on initial screening. The Court must conduct a preliminary screening of Wooten's Complaint because

1

it has granted him *pauper* status and because he is a prisoner suing government officials. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012). At this stage, the Court affords the Complaint a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *See Davis*, 679 F.3d at 437–38. The Court dismisses any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant that is immune from such relief. *See Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In the new filing, Wooten names "John Doe (warden)" as a defendant. DE 9 at 1. But Wooten makes no allegations against the warden. The non-existent allegations against the unidentified warden fail to satisfy federal notice pleading requirements, and any claim against that putative party should be dismissed. *See Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("Even a pro se prisoner must link his allegations to material facts … and indicate what each defendant did to violate his rights.]"). Wooten also alleges that "Lt. Lawson," "C/O McCarthy," and "Lt. Barker" entered his cell at the Federal Medical Center in Lexington, Kentucky, and without justification sprayed him with pepper spray, then beat him with their fists and hit him with a shield. *See* DE 9 at 4-5. Those allegations are sufficient to satisfy Rule 8.

Wooten does not, though, indicate exactly when the assault occurred. He states that Lawson assaulted him "around May 1st, 2020." *See* DE 1 at 3. Wooten also recently filed a Form SF-90, *Claim for Damage, Injury, and Death*, in which he again states that this occurred "Aprox 5-1-2020." *See* DE 8-1 at 1. Personal injury actions arising out of events occurring in Kentucky must be "commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). A claim against a federal officer for an asserted violation of the plaintiff's civil rights, which must be pursued under *Bivens v. Six*

2

*Unknown Federal Narcotics Agents*, 91 S. Ct. 1999 (1971), borrows and applies that same one-year limitations period. *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017). An excessive force claim generally accrues immediately, at the time of the event when the force is applied. *Cf. Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). Taking the provided rough date as applicable, the one-year limitations period therefore expired in May 2021. Because Wooten did not file his Complaint until ten months later, in March 2022, his claims against the officers are time-barred. The Court **DISMISSES** his claims against the officers.

Wooten has filed a motion requesting the appointment of counsel. DE 10. The Court will deny the motion, both for its mere formulaic recitation of the pertinent factors and for its failure to identify any exceptional circumstances warranting such an appointment, particularly where the underlying claims are barred by the state of limitations. *Cf. Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009) (noting the importance of the movant's likelihood of success on his claims in the appointment calculus).

Wooten has filed a motion "to submit evidence." *See* DE 8. The "evidence" submitted by Wooten is the aforementioned Form SF-90, *Claim for Damage, Injury, and Death*, DE 8-1 at 1, as well as the Bureau of Prisons' letter dated March 11, 2022, acknowledging receipt of same from Wooten, DE 8-1 at 3. The Court's docket is not a repository for evidence in a case, and documents are not generally to be filed in the record unless in support of (or opposition to) a motion pending before the Court.

More importantly, Form SF-90 is a document used for asserting a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. ("FTCA"), to satisfy the FTCA's pre-filing exhaustion requirement. *See* 28 U.S.C. § 2675(a). Before a FTCA claim can be asserted, the claimant must request administrative settlement of his claim, and the appropriate

3

federal agency must have rejected that request. *Id*. This all must occur before the claimant may file suit. *McNeil v. United States*, 113 S. Ct. 1980, 1984 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). As the BOP noted in its letter, the agency has six months after receiving Wooten's administrative settlement request to decide if it wants to settle his claim. *See* 28 U.S.C. § 2675(a). That deadline has not yet passed. If, by filing these documents, Wooten intended to assert a claim under the FTCA in this action, the claim is plainly premature. He also failed to file a new complaint setting forth necessary allegations against a proper FTCA defendant. Once Wooten has exhausted his administrative remedies, to pursue an FTCA claim he will need to address these deficiencies and file a new civil action taking these and all appropriate steps.

    Finally, Wooten filed a motion for a temporary restraining order. DE 12. Since the Court dismisses the Complaint, the request is moot. Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** DE 1; and
2. The Court **DENIES** all pending motions (DE 8; DE 10; DE 12) as moot; and
3. The Court will enter a separate Judgment.

This the 28th day of April, 2022.

Signed By:
*Robert E. Wier* /REW/
United States District Judge